IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Charles Bellina )
                    Plaintiff )
    v. )   Civil Action No.
JAFFE & ASHER, LLP; JOSHUA T. )
REITZAS; JEFFREY S. ZACHTER; )
NATIONWIDE CREDIT, INC; and )
AMERICAN EXPRESS COMPANY; and )   **COMPLAINT**
DOES 1-10, inclusive, )
                   Defendants. )

RECEIVED
OCT 18 2011
AT 8:00  11:20 a.m.
WILLIAM T. WALSH, CLERK

## PRELIMINARY STATEMENT

This is an action for damages brought by Charles Bellina, "Plaintiff", an individual "consumer" pursuant to 15 U.S.C. §1692a(3) and hereby respectfully files this complaint against Defendant(s), JAFFE & ASHER, LLP, JOSHUA T. REITZAS; JEFFREY S. ZACHTER, NATIONWIDE CREDIT, INC. and AMERICAN EXPRESS COMPANY, and DOES 1-10 inclusive, for violations of the Fair Debt Collection Practices Act, ("hereinafter FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act, ("hereinafter FCRA"), 15 U.S.C. § 1681 *et seq.*; as amended.

## JURISDICTION AND VENUE

1. This action arises out of Defendants' violations of the FDCPA, the FCRA, invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect an alleged debt with AMERICAN EXPRESS COMPANY, with an alleged account number #: XXXXXXXXXX85004.

2. Jurisdiction is conferred on this court pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. The State of New Jersey abides by and adheres to these laws thus establishing the jurisdiction of this honorable court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

6. Plaintiff is an adult individual domiciled in Monmouth County, New Jersey.

7. Upon Information and belief, Defendant JAFFE & ASHER, LLP, (hereafter "JAFFE"), is a limited liability partnership which regularly engages in the business of collecting debts in New Jersey with its principle office located at 1107 Goffle Road, Hawthorne, NJ 07507. The principal purpose of JAFFE is the collection of debts using the mails and telephone. JAFFE regularly attempts to collect said debts and as such is governed under the law by the FDCPA and FCRA.

8. Upon Information and belief, Defendant JOSHUA T. REITZAS; (hereafter "REITZAS"), is an employee of JAFFE, located at 1107 Goffle Road, Hawthorne, NJ 07507. The principal purpose of Defendant REITZAS, is the collection of debts using the mails and telephone. Defendant regularly attempts to collect said debts and as such is governed under the law by the FDCPA and FCRA.

9. Upon Information and belief, Defendant JEFFREY S. ZACHTER, (hereafter "ZACHTER"), is an employee of JAFFE, located at 1107 Goffle Road, Hawthorne, NJ 07507. The principal purpose of Defendant ZACHTER, is the collection of debts using the mails and telephone. Defendant regularly attempts to collect said debts and as such is governed under the law by the FDCPA and FCRA.

10. Upon Information and belief, Defendant NATIONWIDE CREDIT, INC, (hereafter "NCI"), is a foreign corporation which regularly engages in the business of collecting debts in New Jersey with its principle office located at 2002 Summit Blvd, Atlanta, GA 30319. The principal purpose of NCI is the collection of debts using the mails and telephone. NCI regularly attempts to collect said debts and as such is governed under the law by the FDCPA and FCRA.

11. Does 1-10 (the "Collectors") are individual collectors employed by Jaffe and NCI and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

12. Upon Information and belief, Defendant AMERICAN EXPRESS COMPANY (hereafter "AMEX"), is allegedly an "original creditor" located at 200 Vesey Street, New York, NY 10285. Defendant AMEX is a foreign corporation and as such is governed under the law by the FCRA.

## FACTUAL ALLEGATIONS

13. Plaintiff in promulgating this suit and in his limited capacity as a least sophisticated consumer hereby rely upon the various actions undertaken by said Defendants et al., both seen and unseen, as provided for by document(s) and/or exhibit(s) to be provided.

### A. **JAFFE and NCI Engage in harassment and abusive tactics**

14. Defendant NCI contacted the Plaintiff by mail, in January of 2011, in an attempt to collect an alleged debt.

15. On February 4, 2011, Plaintiff, via Notary Public Keith A. Eaton ("EATON"), sent Defendants NATIONWIDE and AMEX, written Notice:

    a. Disputing the alleged debt;
    b. Requesting Defendants provide Plaintiff with written proof that he owed the alleged debt, including a signed written contract;
    c. A request to notify Plaintiff when he may inspect and copy all papers in the possession of the creditor which bear the signature of the debtor;
    d. A request to notify Plaintiff when he may inspect and copy the ledger and the account card, etc, in possession of the creditor.

16. On March 7, 2011, Notary Public EATON issued and mailed NCI and AMEX, a Certificate of Non Response, whereby EATON certified that said Defendants failed to validate the alleged debt.

17. On February 21, 2011, Plaintiff mailed a Notice of Dispute to the three credit reporting agencies, Equifax, TransUnion and Experian.

18. On July 21, 2011, Defendant NCI accessed Plaintiff's credit report without a permissible purpose.

19. Defendant JAFFE contacted the Plaintiff by mail, in late April of 2011, in an attempt to collect an alleged debt.

20. On April 30, 2011, Plaintiff, via Notary Public Kathleen M. Fontaine ("FONTAINE"), sent Defendants JAFFE and AMEX, written Notice:

    a. Disputing the alleged debt;
    b. Requesting Defendants provide Plaintiff with written proof that he owed the alleged debt, including a signed written contract;

   c. A request to notify Plaintiff when he may inspect and copy all papers in the possession of the creditor which bear the signature of the debtor;

   d. A request to notify Plaintiff when he may inspect and copy the ledger and the account card, etc, in possession of the creditor.

21. On June 3, 2011, Notary Public FONTAINE issued and mailed, a Certificate of Non Response, whereby FONTAINE certified that the Defendants JAFFE and AMEX failed to validate the alleged debt.

22. On June 8, 2011, and unbeknownst to Plaintiff, JAFFE filed a lawsuit in Superior Court against Plaintiff prior to validating the alleged debt.

23. On June 22, 2011, Plaintiff, via FONTAINE, sent Defendant JAFFE, a Notice of Defect / Non-response giving JAFFE an opportunity to cure their dishonor of Plaintiffs' Notice of dispute and request for validation.

24. On June 24, 2011, @ 10:49am, Defendant received Notary FONTAINE's 2nd Certificate of Non Response and Plaintiff's Notice of Opportunity to Cure.

25. On June 24, 2011, (later that same day) Defendant JAFFE then sends a purported letter of validation, <u>dated</u> May 18, 2011 and signed in original blue ink, to Plaintiff, via Notary FONTAINE, whereby REITAS claims "to be in receipt of your letter of April 26, 2011".

26. Defendant JAFFE and REITAS never sent this alleged letter of "validation" on May 18, 2011. (See Exhibit A, Affidavit of Notary Public, Fontaine.)

27. Defendants JAFFE and REITAS are attempting to perpetrate a fraud upon the Superior Court of New Jersey.

28. Defendants JAFFE, REIZTAS, ZACHTER and NCI have continued to attempt to collect a debt prior to obtaining verification of the debt.

29. Defendants JAFFE, REIZTAS, ZACHTER and NCI, use unfair or unconscionable means to collect or attempt to collect a debt.

30. Defendants JAFFE, REIZTAS and ZACHTER failed to validate the alleged debt prior to filing

suit in the Superior Court of New Jersey.

### B. AMEX Engages in harassment and abusive tactics

31. Plaintiff informed the Defendant AMEX in writing the alleged debt was disputed.

32. Defendant AMEX failed to allow Plaintiff to inspect "all papers or copies of papers in the possession of the creditor which bear the signature of the debtor and which concern the debt being collected."

33. Defendant AMEX failed to allow Plaintiff to inspect "a ledger, account card, or similar record in the possession of a creditor, which reflects the date and amount of payments, credits, and charges concerning the debt."

34. Defendant JAFFE and AMEX knew or reasonably should have known that the Plaintiff did not owe the alleged debt and any attempt to collect said debt with this knowledge is an unfair and unconscionable manner to attempt to collect said debt.

35. Since the Defendants failed to provide the ledger, account card or similar record in their possession, it must be legally concluded that the debt was never owed by the Plaintiff.

### C. Plaintiff suffered actual damages

36. As of result of Defendants unlawful conduct, Plaintiff has suffered and continues to suffer actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress in the form of anxiety, escalating stress and anger, humiliation and embarrassment, amongst other negative emotions.

37. Portions of the Defendants, JAFFE, NCI, the Collectors, and AMEX's collection activities and communications concerning Plaintiff's alleged debts, including but not limited to those specified above, are false, misleading, deceptive or unconscionable, constituting violations of the FDCPA and FCRA.

38. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

39. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

40. Defendants conduct is part of a pattern and practice of unlawful collection abuse thereby warranting punitive damages.

41. Plaintiff contends that the Defendants JAFFE, REITZAS, ZACHTER, NCI and the "Collectors" have violated such laws by harassing Plaintiff in attempts to collect an alleged debt.

## COUNT I – VIOLATIONS OF THE FAIR DEBT
## BY JAFFE, REITZAS, ZACHTER, AND THE "COLLECTORS"
## COLLECTIONS PRACTICES ACT 15 U.S.C. 1692 et. seq

42. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

43. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

44. Defendants are debt collector as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

45. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

46. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of an alleged debt;

47. The Defendants' conduct violated 15 U.S.C. § 1692e(2)(A) in that Defendants falsely represented the character, amount or legal status of a debt;

48. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants communicated… any credit information which is known to be false, <u>including the failure to communicate that a disputed debt is disputed</u>.

49. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants used false representation or deceptive means to collect or attempt to collect any debt or to obtain information

concerning a consumer.

50. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair or unconscionable means to collect or attempt to collect any debt;

51. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount that was not expressly authorized by the agreement creating the debt or permitted by law;

52. The Defendants' conduct violated 15 U.S.C. § 1692g (b) in that Defendants continued to attempt to collect an alleged debt prior to obtaining verification of the debt;

53. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants otherwise used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt.

54. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

55. Defendants conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, pursuant to federal and state debt collection laws, along with attorneys' fees and costs, as well as such other relief, permitted by law.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. 1681 et. seq

56. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

57. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

58. Defendant AMEX is a furnisher of information within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

59. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

## COUNT II
## BREACH OF PERMISSIBLE PURPOSE OF CONSUMER REPORTS

60. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

61. Defendant NCI violated the FCRA § 1681b(f) by accessing Plaintiffs' credit reports without a permissible purpose.

62. Defendant NCI violated the FCRA § 1681b(f)(2) by failing to obtain a general or specific certification to pull Plaintiffs' credit report.

## COUNT III
## FAILURE TO MARK THE ACCOUNT IN DISPUTE

63. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

64. Defendant AMEX violated 15 USC § 1681s-2 by failing to indicate that the Plaintiff disputed the alleged account.

65. Defendant JAFFE and AMEX violated 15 USC § 1681s-2 by failing to indicate the Plaintiff disputed the alleged account.

## COUNT IV
## CIVIL LIABILITY FOR WILLFUL NON COMPLIANCE

66. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

67. Defendant AMEX violated 15 USC § 1681n by their willful noncompliance for failing to indicate that the Plaintiff disputed the alleged account.

68. Defendant AMEX failed to complete a proper investigation into the dispute and report the findings of the investigation to the reporting agencies and the consumer as required under the FCRA. Plaintiff has suffered injury in the form of defamation of character.

69. Plaintiff demands $1000.00 for each month the Defendant has willfully not complied with the

Act and has reported the erroneous and inaccurate information to each of the Credit Reporting Agencies and in each of the Plaintiffs credit reports to date.

## COUNT V
## CIVIL LIABILITY FOR NEGLIGENT NON COMPLIANCE

70. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

71. Defendant AMEX violated 15 USC § 1681o by their negligent noncompliance for failing to indicate that the Plaintiff disputed the alleged account.

72. Defendant AMEX willfully and negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b);

73. Plaintiff demands $1000.00 for each month the Defendants have willfully (failed to) not complied with the Act and has reported the erroneous and inaccurate information in each of the Plaintiffs credit reports through each of the Credit Reporting Agencies to date.

**WHEREFORE**, Plaintiff requests this Honorable Court enter an order adjudging the Defendants liable to Plaintiff for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681 et seq. and further relief as the Court may deem reasonable and just under the circumstances.

## DEMAND FOR JURY TRIAL

74. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

75. That the Court enter both a preliminary and permanent injunction against the Defendants JAFFE, the Collectors and AMEX, ordering it to cease and desist from engaging in the unlawful debt collection practices described herein above;

76. That this Court enter a permanent injunction against the Defendants JAFFE, the Collectors and

AMEX ordering it to establish an ongoing training program for its employees on the subject of consumer rights in New Jersey;

77. That the Plaintiff be awarded relief in an amount to be determined at trial that will fairly and reasonably compensate them for the annoyance, abuse and harassment suffered as a result of the Defendant's unlawful acts as follows:

    a.    Actual damages against the Defendants;

    b.    Statutory damages;

    c.    Treble damages;

    d.    Punitive damages;

    e.    Costs and other reasonable (attorney's or attorney general's) fees; and

    f.    Other further relief as may be just and proper.

Respectfully submitted this __16__ of __Oct_____, 2011

Charles Bellina
P.O. Box 114
Bradley Beach, New Jersey 07720
(201) 394-2855
<chazztoy@aol.com>